IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-68,066-03






EX PARTE BEUNKA ADAMS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. 15,057 FROM THE


2ND JUDICIAL DISTRICT COURT OF CHEROKEE COUNTY





 Price, J., filed a dissenting statement.


DISSENTING STATEMENT



 This is a second subsequent application for writ of habeas corpus in which the
applicant attempts to meet the threshold requirements for consideration under Article 11.071,
Section 5 of the Texas Code of Criminal Procedure. (1) In it he claims, inter alia, that he
received ineffective assistance of counsel on direct appeal. He claims that his appellate
lawyer rendered constitutionally defective representation when he failed to complain that the
trial court denied his request for a particular jury instruction at the punishment phase of his
capital murder trial. The requested instruction would have informed the jury that the
instructions it had received at the conclusion of the guilt/innocence phase of trial with respect
to the applicant's liability under the law of parties in Texas do not apply to its deliberations
on the special issues at the punishment phase of trial. The applicant claims he was entitled
to the requested instruction under this Court's opinion in Nichols v. State, (2) and that, had
appellate counsel raised the error in this Court on direct appeal, there is a reasonable
probability that we would have granted him a new punishment hearing. Although the
statutory special issues have been modified since Nichols, (3) I am of the view that, even under
the current regime, the anti-parties instruction would yet have some utility and that the
applicant might still be entitled to it, upon request. It seems to me, therefore, that the
applicant has proffered a plausible claim of ineffective assistance of appellate counsel.

 The problem, of course, is that he could have raised this claim in his initial post-conviction application for writ of habeas corpus, but he did not. He did raise this claim in
his first subsequent post-conviction application for writ of habeas corpus, which we
dismissed for failure to satisfy Article 11.071, Section 5. (4) Since that time, however, the
United States Supreme Court has granted review and heard oral argument in Martinez v.
Ryan. (5) There, the Supreme Court is considering whether a post-conviction habeas corpus
applicant ought to be regarded as constitutionally entitled to the effective assistance of initial
state habeas counsel at least with respect to claims that may only be raised for the first time
in the habeas corpus forum. (6) Since granting review in Martinez, the Supreme Court has
stayed the execution of a pair of condemned Texas inmates who argued, as does the applicant
today, that the ineffectiveness of initial state habeas counsel with respect to an issue that may
be raised for the first time only in a post-conviction application for writ of habeas corpus
proceeding ought to justify allowing the inmate to raise that issue for the first time in a
subsequent writ application. (7) The applicant's execution date is currently set for April 26,
2012, more than ten weeks away. It is highly likely that the Supreme Court will issue its
opinion in Martinez during the interim. There is no pressing reason that the Court must hurry
to decide the reviewability of the merits of the applicant's ineffective assistance of appellate
counsel claim before then. We do not even have to stay the applicant's currently scheduled
execution in the meantime--at least not for the next few months, assuming it takes that long
for Martinez to come down. For reasons already expressed in my dissenting statements in
Ex parte Foster, (8) Ex parte Balentine, (9) the second Ex parte Foster, (10) Ex parte Garcia, (11) and,
most recently, Ex parte Hernandez, (12) and because this Court refuses even to simply hold the
applicant's second subsequent application for writ of habeas corpus pending the Supreme
Court's dispositions of Martinez, Balentine, and Foster, (13)
 I respectfully dissent.


FILED: February 15, 2012

DO NOT PUBLISH
1. Tex. Code Crim. Proc. art. 11.071, § 5.
2. 754 S.W.2d 185, 198-99 (Tex. Crim. App. 1988), overruled on other grounds by Green v.
State, 764 S.W.2d 242, 247 n.2 (Tex. Crim. App. 1989) and Harris v. State, 784 S.W.2d 5, 19 (Tex.
Crim. App. 1989). See Elizabeth Berry, George Gallagher & Paul J. McClung, Texas Criminal
Jury Charges § 6:70, at 6-11 (rev. 12) (2011).
3. When Nichols was decided, a capital defendant sought an anti-parties instruction mainly to
dissuade the jury at the punishment phase from taking the conduct of his co-defendants into account
when considering what was at that time the first statutory special issue, "whether the conduct of the
defendant that caused the death of the deceased was committed deliberately and with the reasonable
expectation that the death of the deceased or another would occur." See Acts 1973, 63rd Leg., ch.
426, p. 1125, § 1, eff. June 14, 1973. The so-called "deliberateness" special issue has since been
replaced with another, to be given specifically whenever the jury might have found the defendant
guilty as a party under Sections 7.01 and 7.02 of the Penal Code, see Tex. Penal Code §§ 7.01,
7.02, asking "whether the defendant actually caused the death of the deceased or did not actually
cause the death of the deceased but intended to kill the deceased or another or anticipated that a
human life would be taken." See Acts 1991, 72nd Leg., ch. 838, p. 2899, § 1, eff. Sept. 1, 1991.
4. Ex parte Beunka Adams, No. WR-68,066-02, 2009 WL 1165001 (Tex. Crim. App. delivered
Apr. 29, 2009) (not designated for publication).
5. 131 S.Ct. 2960 (2011).
6. The question presented in Martinez is: "Whether a defendant in a state criminal case who
is prohibited by state law from raising on direct appeal any claim of ineffective assistance of trial
counsel, but who has a state-law right to raise such a claim in a first post-conviction proceeding, has
a federal constitutional right to effective assistance of first post-conviction counsel specifically with
respect to his ineffective-assistance-of-trial-counsel claim." Martinez v. Ryan, 2011 WL 3467246,
at i (Appellate Brief) (U.S. Aug. 4, 2011). While defendants in criminal cases in Texas are not
absolutely prohibited by law from challenging the effectiveness of their trial counsel on direct
appeal, such claims typically call for extensive factual development beyond what is disclosed in the
appellate record, and thus, as a practical matter, post-conviction habeas corpus is the first opportunity
to raise them. Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999). In any event, post-conviction habeas corpus will always be the first opportunity a death row inmate will have to raise
a claim of ineffective assistance of his appellate counsel.
7. See Balentine v. Texas, 131 S.Ct. 3017 (2011); Foster v. Texas, 132 S.Ct. 69 (2011).
8. 2010 WL 5600129, WR-65,799-02 (Tex. Crim. App. delivered Dec. 30, 2010) (not
designated for publication) (Dissenting Statement of Price, J., joined by Holcomb, J.).
9. WR-54,071-03 (Tex. Crim. App. delivered June 14, 2011) (not designated for publication)
(Dissenting Statement of Price, J., joined by Johnson & Alcala, JJ.).
10. 2011 WL 4071983, WR-65,799-03 (Tex. Crim. App. delivered Sept. 12, 2011) (not
designated for publication) (Dissenting Statement of Price, J., joined by Womack, J.).
11. 2011 WL 5189081, WR-66,977-02 (Tex. Crim. App. delivered Oct. 27, 2011) (not
designated for publication) (Dissenting Statement of Price, J., joined by Womack and Johnson, JJ.).
12. 2012 Tex. Crim. App. Unpub. LEXIS 55, WR-69,470-02 (Tex. Crim. App. delivered Jan.
23, 2012) (not designated for publication) (Dissenting Statement of Price, J., joined by Womack and
Johnson, JJ.).
13. Just last month, the Supreme Court decided another case that was argued on the same day
it heard oral argument in Martinez. See Maples v. Thomas, ___ S.Ct. ___, 2012 WL 125438 (U.S.
Jan. 18, 2012). There is no reason to think that the Supreme Court will not decide Martinez in the
very near future. Should Martinez be decided in such a way as to foreclose the applicant's current
contentions before the applicant's currently scheduled execution date on April 26, 2012, we could
simply dismiss the applicant's second subsequent post-conviction writ application at that time.